Swann Corporation v. Industrial Commission 5090309 Thank you, Your Honor. Good morning. Richard Zenz on behalf of the appellant Swann Corporation. The issues before the Court this morning are the penalties of temporary total disability benefits and an imposition of penalties for the non-payment of those benefits. The accident in this case was undisputed. The petitioner had an injury to his right elbow. He was released ultimately by his treating doctor, Dr. Ahn, who stated at the time of his release, I have nothing more to offer him. I am releasing him to full-duty return PRN on an as-needed basis. The twist in this case came because he tried to go back to work. The respondent told him, we want a Section 12 examination. It took them five months to do it. I have no explanation for that. Quite honestly, if I had been trying the case, I would have beat him over the head and told him, just leave it alone. But it happened, and I can't change that. They sent him to Dr. Brown, who again agreed with the treatment that the man had. He released him to full-duty and then stated that it's possible his pain might improve somewhat if he had surgery. He did not recommend surgery. He spoke in terms of possibilities. It's possible, and his report is very clear about that. On that basis, the respondent didn't pay temporary disability because the man was released to full-duty. And quite honestly, I have not found any cases in which a claimant is released to full-duty and is entitled to TCD. The situation would be different. Was there any contingency or any hesitancy by the two doctors concerning his release to return to work? No. As a matter of fact, there is no contrary evidence that he was capable of full-duty. Was there anything said about he would be let to go back to work to see if he could perform his regular job? I believe Dr. Brown made mention of the fact, quite honestly, that he said, let him go back to work and see how he does. But he made no other actual recommendations. He didn't order surgery. But the man was released to full-duty. Unfortunately, he was not taken back. My point is that what is being done here is that the respondent is being penalized for what's essentially an employment issue. Did Dr. Ahn really, in his own mind, know what else to do for the claimant? I don't believe his deposition was taken. All I'm going by is what his notes releasing him say. I have nothing more to offer him. He's released to full-duty. See me, PRN. The situation would certainly be different if Mr. Roberts had been released to some kind of temporary or alternative duty. Then the obligation to pay temporary disability benefits would attach. I don't think there's any dispute about that. But what the commission did, and what the arbitrator did, was penalize the respondent for not rehiring him or taking him back to full-duty. The purpose of temporary disability is to replace income when a petitioner is incapable of working. And if he's released to some kind of temporary duty, the argument won't hold any water with this court or any other court that the petitioner has to go out and look for work. But I don't think the same argument can be reasonably made when the man is released to full-duty. As a matter of fact, this court has ruled on numerous occasions that in order to prove the entitlement to temporary total disability, the claimant must prove not only that he did not work, but he was unable medically to work. There's a big distinction there. And so it's my position that the award of temporary disability benefits was improper. The arbitrator talked nothing about the law, just said they didn't take him back, so they're going to get hit with penalties. Why was he not taken back? I honestly don't know. I didn't try the case. I don't know why he wasn't taken back, whether it was for what somebody might consider a valid or invalid reason. But regardless of that, I would respectfully suggest to the court that with a release to full-duty, that it's really an employment issue that he wasn't taken back. And the Commission is without authority to act on employment issues. Wasn't there evidence that when the claimant attempted to turn to work, he was told to wait until he underwent a Section 12 medical exam? Yes. And that's what I said originally. It took them five months to do it, unfortunately. And I can't explain, in all honesty, I can't explain why it took them that long. But at that point, as well as afterwards, he was still released to full-duty. And therein lies my problem with the case, because with a release to full-duty, he is capable of going anywhere to look for work if they don't take him back. And taking back an at-will employee, or not taking him back, is an employment issue. And, you know, the Supreme Court decided the interstate scaffolding case after the briefs were written in this matter. And just by way of a quote in that case, the Supreme Court mentioned that employment issues are foreign, I believe is the term they used, to the Workers' Compensation Act. It's got no basis. So if a person is temporarily totally disabled, it doesn't matter why they're not working. They're still on the hook. I think that's very distinguishable from this situation, where a man is capable of working, where there is no evidence to the contrary. And on that basis, I would ask, respectfully, that this Court vacate the award of penalties and the award of temporary disability benefits. Thank you. Counsel, please. Good morning. My name is Gary Viment. I'm an attorney from Belleville. I did represent the petitioner at the trial. I'd like to start with the time period between his last visit with Dr. Hahn and the one with Dr. Brown. Dr. Hahn reported, this is a gentleman who hasn't gotten better after surgery. I'm going to release him. I understand that he's getting a second opinion. We may have to consider chronic pain management, but I don't see any reason why he shouldn't go back to try to work. I think the test here is, has he reached maximum medical improvement? I don't think anyone can look at that last report and conclude that Dr. Hahn said that he's reached maximum medical improvement when he's recommending those types of things. Dr. Hahn just didn't have any idea how to fix it any further than that. He told him to go back to work. Now, then the next question is, should this person be penalized because his employer says, we're not going to let you come back to work until you get examined by our doctor. You've seen that that happens in a lot of cases. Why it took five months was completely unreasonable to my client. He wasn't paid during that time. The commission didn't believe that it was reasonable that he should have to go out and work for work. He wasn't terminated. He was just left in limbo, not being paid for five months until he sees Dr. Brown. Well, let me ask you a question. Once he's ordered return to full-duty work, what benefits is he entitled to under the Act? Is he entitled to any? Well, sure, he'd be entitled to continued medical care. Did they refuse to pay medical care? They paid nothing after that. Did they refuse to pay any medical care? Yes, they did. How much? Well, he tried to go back to the doctor. It wasn't pretty approved. Penalties according to this were calculated on a failed failure to pay TTD. Correct. He wasn't entitled to any TTD once he was ordered back to work full-time. Well, I don't know that I agree with that. Why would he not be entitled? I mean, he said that he'd go back and try it. What if he goes back to work one day and the next day couldn't go back? He couldn't go back on TTD. But we'll never know that because the employer wouldn't let him come back. Why should he be entitled? Why isn't there the employer here? Your opponent makes the case that what the arbitrator did here was award TTD because he didn't like the fact that they didn't give the guy his full-time job back. They could have fired him that day. They could have, but they didn't fire him. Would he have been entitled to penalties if they had fired him? He would have been entitled to TTD if he couldn't work. Well. Where is the evidence in this record that he could not work? Well, he didn't go back to work. We don't know. We don't know. Even the Section 12 exam, Dr. Brown says, let him go back and try it. I don't know if he can do it or not. Everybody said he could go back to work full-time, unrestricted work. If he's capable of working unrestricted work, he's not entitled to TTD. If he's not entitled to TTD, you can't award penalties on unpaid TTD. Well, let me ask then, is it just as reasonable, and if this is going to be the ruling of the court, we're going to see that, where an employer is going to say, you can't come back to work even though you've got a release until you've seen our doctor, and they can delay it as long as they want. That's going to change the rule at that point saying you have to, at that point, go out and look for other work while you're still employed because your boss won't let you come back while you're waiting for a six-month examination. I don't believe that's what the law needs to be. I don't believe that's what the court really wants here because that's what's going to happen. We're going to have employers delay things, and I don't believe that's what the act intends. I believe that the commission was correct, the court was correct, the arbitrator was correct. There's no termination. There's no indication, and there's no indication they really could do the job because they never got a chance to try it. I think probably we all understand those issues now, and if you have any other questions, I'll be happy to try to answer them. Thank you, counsel. Rebuttal? I have no other rebuttals. Thank you. The court will take the matter under advisement.